**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 10-20001-01-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **CHRIS A. ANDERSON,** | ) | **No. 11-2571-KHV** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 29, 2010, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and knowingly renting, using and maintaining a residence for the purpose of unlawfully manufacturing and distributing cocaine and cocaine base in violation of 21 U.S.C. § 856(a)(1). On November 16, 2010, the Court sentenced defendant to 108 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #44) filed October 14, 2011. For reasons stated below, the Court overrules defendant's motion.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Liberally construed, defendant's Section 2255 motion asserts that (1) because he only had one prior felony conviction, the Court erred by accepting his guilty plea to being a felon in possession of a firearm and (2) the Court violated his rights under the Double Jeopardy Clause of

the Fifth Amendment because it enhanced his sentence for the same conduct which formed the basis of the underlying offense under 21 U.S.C. § 856(a)(1). See Motion Under 28 U.S.C. § 2255 (Doc. #44) at 5, 11. Defendant also claims that his attorney, Tim Burdick, was ineffective because (a) he persuaded defendant to plead guilty, (b) he persuaded defendant to admit certain facts to establish drug quantity, (c) he told defendant not to raise the issue of drug quantity at sentencing, (d) he did not challenge drug quantity at sentencing, (e) he did not object to the firearm enhancement under Section 2B1.1(b)(2) of the Sentencing Guidelines, and (f) he did not file a motion to suppress. See id. at 8-10.[1]

## I. Validity Of Plea For Being A Felon In Possession Of A Firearm

Defendant argues that because he had only one prior felony conviction, the Court should not have accepted his guilty plea under 18 U.S.C. § 924(a)(2). Defendant did not plead guilty to violation of Section 924(a)(2), which merely specifies the maximum sentence for certain offenses including a violation of 18 U.S.C. § 922(g)(1). Instead, defendant pled guilty to Count 1 which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

---

[1] All of defendant's claims appear to be barred because in the plea agreement, he waived his right to file collateral challenges. See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); see also Plea Agreement (Doc. #27) ¶ 12. Defendant's first and second claims also appear to be barred because defendant did not raise the issues on direct appeal. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (Section 2255 not available to test legality of matters which should have been raised on appeal). A court may raise procedural bars sua sponte but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar sua sponte where transcendent interests served by that defense warrant it). Because defendant's claims obviously lack merit, in the interests of judicial efficiency, the Court proceeds directly to the merits of defendant's claims. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar sua sponte if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

Defendant concedes that he had one prior conviction. See Doc. #44 at 5; Plea Agreement (Doc. #27) ¶ 2; see also PSIR ¶ 46 (identifying prior felony drug offense in United States v. Anderson, D. Kan. No. 01-2-140-01-JWL). The plain terms of Section 922(g)(1) require only a single prior felony offense. See 18 U.S.C. § 922(g)(1). Accordingly, the Court overrules defendant's first claim for relief.[2]

## II. Double Jeopardy

Defendant argues that he was subject to double jeopardy because the Court enhanced his sentence under U.S.S.G. § 2D1.1(b)(12) (maintaining premises for purpose of manufacturing or distributing controlled substance) for the same conduct which the grand jury charged in the indictment under 21 U.S.C. § 856(a)(1) (renting, using and maintaining residence for purpose of unlawfully manufacturing and distributing controlled substance). The Double Jeopardy Clause of the Fifth Amendment provides as follows: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Historically, double jeopardy protections do not apply to sentencing proceedings because determinations such as sentence enhancements do not place defendant in jeopardy for an "offense." Monge v. California, 524 U.S. 721, 728 (1988). Rather, sentence enhancements act to increase a sentence because of the manner in which a defendant committed the crime of conviction. United States v. Watts, 519 U.S. 148, 154 (1997) (per curiam) (sentence enhancements based on prior offenses not construed as additional punishment for those

---

[2] Defendant also argues that the Court should not have sentenced him under Section 2K2.1 of the Guidelines because that provision requires two prior felony offenses. Only certain subsections of Section 2K2.1 require multiple felony offenses. See U.S.S.G. § 2K2.1(a)(1), (2). In any event, as explained in the presentence report, under the grouping rules of the Guidelines, the Court did not apply Section 2K2.1 (which applied to Count 1) because Section 2D1.8 (which applied to Count 2) resulted in a higher guideline range. See PSIR ¶ 23. The Court therefore need not address defendant's argument as to Section 2K2.1.

offenses). Imposing a sentence enhancement for the same offense conduct as the underlying conviction does not violate defendant's rights under the Double Jeopardy Clause. See United States v. Gonzales, 996 F.2d 88, 93 (5th Cir. 1993) (in single prosecution, cumulative punishment consistent with double jeopardy clause if sentence is within legislatively intended limits); see also Witte v. United States, 515 U.S. 389, 402 (1995) (application of Guidelines does not mean defendant punished for uncharged conduct as if it were distinct criminal offense; by considering particular conduct under Guidelines, defendant still punished only for offense of conviction); United States v. Vickers, 891 F.2d 86, 88 (5th Cir. 1989) (court may enhance defendant's sentence under more than one guideline section or subsection even though two enhancements are for essentially same conduct).[3] The Court therefore overrules defendant's second claim for relief.

**III.    Ineffective Assistance**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

---

[3] The Court must follow the clear, unambiguous language of the Sentencing Guidelines. United States v. Goldbaum, 879 F.2d 811, 813 (10th Cir. 1989). Accordingly, absent a manifestation of contrary intent, the Court must apply the clear language of Section 2D1.1(b)(12) and presume that in formulating the base offense level specified for the crime of renting, using and maintaining a residence for the purpose of unlawfully manufacturing and distributing controlled substances, U.S.S.G. § 2D1.8(a)(1) (referencing offense level from Section 2D1.1), the Sentencing Commission had in mind that a defendant's offense level would be further enhanced in many cases under Section 2D1.1(b)(12) for the same offense conduct. Goldbaum, 879 F.2d at 813-14.

Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

  A. Advice To Plead Guilty

Defendant claims that counsel was ineffective because he persuaded defendant to plead guilty.  Doc. #44 at 9-10.  The Court need not evaluate whether Mr. Burdick was deficient in this regard because defendant cannot establish prejudice.

To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001).  As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).  Defendant's assertion that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Miller, 262 F.3d at 1072; United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993).  Instead, the Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the

district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial). While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view whether he in fact would have gone to trial absent the alleged errors. United States v. Triplett, 263 Fed. Appx. 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186. The strength of the government's case is often the best evidence of whether defendant in fact would have changed his plea and insisted on going to trial. See Hill, 474 U.S. at 59-60.

Defendant does not allege that but for counsel's advice to plead guilty, he would have insisted on going to trial and the record does not reflect any viable defense against the charges. In the plea agreement, defendant acknowledged that a search of his trash revealed five open boxes of baking soda, miscellaneous clear plastic bags with torn corners (with several containing white powder and one testing positive for cocaine) and four billing statements bearing his name with an address of 3006 N. 13th Street. See Plea Agreement (Doc. #27) at 2. The plea agreement notes that based on the trash pull, officers obtained a search warrant for his residence. During the search, officers discovered the following items inside the residence: $3,733.00 in U.S. Currency in a cabinet above the kitchen sink, a clear plastic bag containing 1.4 grams of cocaine, three digital scales, a Pyrex measuring cup with free base cocaine residue, an open box of sandwich bags, a plastic container of rubber bands, documents bearing defendant's name with an address of 3006 N. 13th Street, and a loaded .32 caliber revolver under the kitchen sink. See id. at 2-3. After officers arrested defendant and advised him of his Miranda rights, defendant acknowledged that he was the sole resident at 3006 N. 13th Street, that he supplemented his income with cocaine sales (both

powder and crack), that he used his kitchen to cook cocaine into crack and that he knowingly possessed a firearm at the residence. See id. at 3. Finally, a confidential informant told police that defendant sold two ounces (56.7 grams) of cocaine base daily. PSIR (Doc. #32) ¶ 16. Defendant has not alleged or shown that in light of the above evidence, "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485; see Agyepong v. United States, No. 07-cr-178-2, 2011 WL 627361, at *4 (M.D.N.C. Feb. 11, 2011) (given evidence against him and lack of remotely credible innocent explanation, no rational defendant would have proceeded to trial). The Court therefore overrules defendant's claim that counsel was ineffective for advising him to plead guilty.

As part of his claim that counsel persuaded him to plead guilty, defendant maintains that counsel incorrectly told him that he would benefit from Guideline amendments effective November 1, 2010. Defendant maintains that he did not benefit from the new law and in fact, his offense level was increased two levels under the Guidelines which went into effect on November 1, 2010. The amended guidelines actually had no effect on defendant's offense level.[4] In any event,

---

[4] "A sentencing court is generally required to apply the Guidelines that are in effect on the date the defendant is sentenced." United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994); see also U.S.S.G. § 1B1.11(a). However, "the ex post facto clause bars the sentencing court from retroactively applying an amended guideline provision when that amendment disadvantages the defendant." United States v. Thompson, 518 F.3d 832, 870 (10th Cir. 2008) (quotation omitted); see also U.S.S.G. § 1B1.11(b)(1). Under either the 2009 or 2010 version of the Sentencing Guidelines, defendant's base offense level was 36.

Under the 2010 Guidelines, the PSIR calculated defendant's base offense level of 36 as follows: offense level 32 based on 793.8 grams of cocaine base plus, plus two levels under Section 2D1.1(b)(1) for possession of a dangerous weapon, plus two levels under Section 2D1.1(b)(12) for maintaining a premise for the purpose of manufacturing or distributing a controlled substance.

Under the 2009 Guidelines (which were in effect at the time of the offense conduct), the Court calculates the same total base offense level of 36 as follows: offense level 34 based on 793.8 grams of cocaine base plus, plus two levels under Section 2D1.1(b)(1) for possession of a

(continued...)

defendant cannot prevail on his claim that Mr. Burdick made an erroneous sentencing prediction, i.e. that defendant would be sentenced to less than the guideline range under the 2009 version of the Guidelines. As explained above, defendant cannot show prejudice on such a claim because he has not alleged or shown that absent such advice, he would have insisted on going to trial. Even if defendant could show that counsel's estimate (something below the guideline range under the 2009 version of the Guidelines) was material to his decision to plead guilty, he received a sentence well below the sentencing range under both the 2009 and 2010 versions of the Guidelines. Finally, an erroneous sentencing prediction is not prejudicial where the Court has conducted an adequate Rule 11 colloquy. See United States v. Kutilek, 260 Fed. Appx. 139, 147 (10th Cir. 2008) (no prejudice from attorney miscalculation in light of judge's statements at plea hearing); United States v. Hamilton, 510 F.3d 1209, 1216 (10th Cir. 2007) (same), cert. denied, 552 U.S. 1331 (2008); United States v. Shedrick, 493 F.3d 292, 299-300 (3d Cir. 2007) (same); Gordon, 4 F.3d at 1571 (same); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (same), cert. denied, 499 U.S. 940 (1991); United States v. Cruce, No. 97-3167-DES, 1997 WL 557382, at *2 (D. Kan. Aug. 14, 1997) (same; prediction of 36-47 months, sentence of 168 months); United States v. Marsh, 733 F. Supp. 90, 93 (D. Kan. 1990) (same; prediction of three years, sentence of nine years). In sum, defendant has not alleged facts to show that counsel's advice about the anticipated effect of the amendments to the Guidelines was prejudicial. The Court therefore overrules defendant's first claim of ineffective assistance of counsel.

B. Advice To Admit Drug Amount

Defendant argues that counsel was ineffective because he persuaded defendant to stipulate

---

[4](...continued)
dangerous weapon.

to selling two ounces of cocaine base daily to a confidential informant for a total of 793.8 grams over a two week period. The oral stipulation at the change of plea hearing did not set forth a specific drug quantity, but merely limited defendant's relevant conduct to a two week time period. Even so, it appears that the parties negotiated the stipulation in light of the statement of a confidential informant that defendant had been selling two ounces of cocaine daily for a period of two years. See Doc. #44 at 8-9. In the circumstances of this case, the parties understood that the stipulation to the relevant time period amounted to a stipulation to drug quantity (793.8 grams of cocaine base). See PSIR (Doc. #32) ¶ 16. Defendant does not specifically deny that he sold some two ounces of crack cocaine daily for at least two weeks. As best the Court can ascertain, defendant argues that because the indictment did not set forth a specific quantity of cocaine and cocaine base, counsel was ineffective in stipulating to sales of cocaine base over a two week (or any other period). See Doc. #44 at 8 (AUSA attempted to add drug amount to case); id. ("no drugs in this case"); id. at 9 (same); id. ("no drugs on defendant case"); id. at 10 (same); id. ("no quantity of drugs of cocaine base in the indictment").

At sentencing, the Court may "look beyond the charges alleged in the indictment and may consider quantities of drugs not alleged in calculating a defendant's base offense level, provided the drugs were part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Foy, 641 F.3d 455, 469 (10th Cir. 2011) (quotations and citations omitted); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum). Accordingly, counsel's advice to stipulate to limit relevant conduct to a two week

period was within the wide range of reasonable professional assistance.[5] Strickland, 466 U.S. at 689.

Even if counsel was somehow deficient in negotiating the stipulation, defendant does not explain how he was prejudiced by counsel's advice. Defendant has not alleged or shown a reasonable probability that had counsel advised him not to admit to drug quantity, he would not have pled guilty or that the Court would have imposed a different sentence.[6] See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. The Court therefore overrules defendant's claim of ineffective assistance based on counsel's advice to admit to a certain drug amount.

C. Advice Not To Raise Issue of Drug Amount At Sentencing

Defendant claims that counsel was ineffective because he told defendant not to raise the issue of drug quantity at sentencing. Counsel informed defendant that he should not raise the drug quantity issue because the judge could attribute even more drugs to him and give him a more severe sentence. Defendant states that at sentencing, he wanted to argue that "there were no drugs on defendant" in his case. Doc. #44 at 10. In light of defendant's guilty plea, such an argument would have been frivolous and would not have lowered defendant's sentence. To the extent defendant

---

5 In fact, defendant appears to have benefitted tremendously from the stipulation in light of the fact that the confidential informant stated that defendant had been selling cocaine base for a much longer period. The Court recognizes that at the time of his arrest on April 1, 2008, defendant had been out of prison for about 14 months, not two years. Even so, defendant has not shown that he had any credible defense against a claim that he had been selling two ounces of cocaine base daily to the confidential informant for at least two weeks and possibly as long as 14 months.

6 Indeed, the Court could have imposed a higher sentence. The confidential informant stated that defendant was selling two ounces daily for approximately two years. If defendant had not admitted a particular quantity of cocaine base, the Court would have determined the amount of drugs at sentencing by a preponderance of the evidence. Based on the circumstantial evidence which officers recovered from defendant's trash and during the search of defendant's residence, it appears that the confidential informant's estimate of the daily drug quantity was credible for some period beyond two weeks.

argues that the Court could not consider drug quantities which the indictment did not allege, such an argument also would have been frivolous under the pertinent law. See Foy, 641 F.3d at 469 (sentencing court may consider quantities not alleged in calculating base offense level, provided drugs were part of same course of conduct or common scheme or plan as offense of conviction). Counsel's advice to defendant not to raise the issue of drug quantity was within the reasonable range of professional assistance. Defendant has not alleged facts to show that counsel's advice not to raise the drug quantity issue was deficient or prejudicial.

D. Failure To Object To Drug Quantity At Sentencing

Defendant argues that at sentencing, counsel should have challenged the drug quantity because it was not specifically alleged in the indictment. Doc. #44 at 10. Any such objection would have been frivolous under the pertinent law. "It is well established that a sentencing court may look beyond the charges alleged in the indictment and may consider quantities of drugs not alleged in calculating defendant's base offense level, provided the drugs were part of the same course of conduct or common scheme or plan." Foy, 641 F.3d at 469. Accordingly, counsel's failure to challenge the drug quantity used at sentencing because it was not alleged in the indictment was not deficient or prejudicial.

E. Failure To Object To Firearm Enhancement

Defendant maintains that counsel was ineffective because he did not object to the firearm enhancement under Section 2B1.1(b)(1). The Court cannot ascertain how defendant claims that counsel was ineffective in this regard. Defendant apparently claims that the Court could not enhance his sentence under Count 2 for possession of a firearm because the Court already considered such conduct under Count 1 which charged him with being a felon in possession of a firearm. As explained above, under the grouping rules of the Guidelines, the Court calculated defendant's

offense level as to Count 2 because it resulted in a higher guideline range. See supra note 2. The Court therefore did not double count defendant's possession of a firearm.[7] Defendant has not alleged facts which would establish that counsel's performance in this regard was deficient or prejudicial.

F. Failure To File A Motion To Suppress

Defendant argues that counsel provided ineffective assistance because he did not file a motion to suppress. See Doc. #44 at 11. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985). Defendant has not shown an adequate factual or legal basis for a motion to suppress or suggested how such a motion would have likely affected the outcome of the case.[8] The Court therefore overrules defendant's claim that counsel was ineffective for failing to file a motion to suppress.

## IV. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be

---

[7] Defendant also states that because the Court used the guideline range for Count 2, he "didn't get to accept responsibility for Count 1." Doc. #44 at 8. Under the Guidelines, however, the reduction for acceptance of responsibility applies to the combined offense level after the grouping rules, not separately for each count of conviction. U.S.S.G. § 1B1.1(a) (d)-(e).

[8] Defendant apparently argues that counsel should have filed a motion to suppress evidence of drug quantities which were not specifically alleged in the indictment. As explained above, the Court may consider quantities of drugs not alleged in the indictment where the quantities do not subject a defendant to a higher statutory penalty.

specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**V. Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[9] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #44) filed October 14, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's Section 2255 motion.

---

[9] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 5th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge